UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD DRESSER and MARILYN
DRESSER, as Next Friend of MAKHAIL
ROBERT DRESSER, a minor,

        Plaintiff,                      Civil No. 03-10083-BC
v.                                                     Hon. David M. Lawson

CRADLE OF HOPE ADOPTION CENTER,
INCORPORATED,

        Defendant.
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS
TO PROPOSED INDEPENDENT MEDICAL EXAMINATION**

The parties previously have discussed with the Court, through motion practice, the prospect of the defendant obtaining an independent medical examination of the minor child, Mikhail Robert Dresser. The Court directed counsel for the defendant to propose a protocol for an examination, to which the plaintiff could object if counsel felt it necessary.

Before the Court are the plaintiff's objections to the proposed independent medical examination. The Court has reviewed the August 31, 2005 letter of Gary L. Trock, M.D. The essence of the plaintiff's objections is that Dr. Trock's description of the proposed procedure is not sufficiently specific. For instance, Dr. Trock stated that the mental status portion of the examination would "normally [be] done by speaking with the child." The Court takes that phraseology to mean that a conversation with the child is the procedure that will be followed in this case.

Next, the plaintiff objects to the proposal that "the child would be tested for balance and range of motion," because there is no proposal as to how those tests would be performed. However, later in the letter the doctor explains that range of motion tests would be performed actively (as

opposed to passively) "under the child's physical comfort level." The Court believes that the doctor's proposal in this regard is sufficiently specific.

Finally, the plaintiff once again objects to neurological sensitivity testing proposals because it is phrased in terms of what "normally" is done by this physician. Once again, the Court believes that Dr. Trock's statement is meant to indicate what he intends to do in this case.

Accordingly, it is **ORDERED** that the plaintiff's objections to the proposed independent medical examination are **OVERRULED**.

It is further **ORDERED** that the independent medical examination by Dr. Gary L. Trock may be performed at a date, time and location acceptable to all parties in accordance with the protocol proposed by Dr. Trock in his August 31, 2005 letter.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: September 26, 2005

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 26, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS